UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| **JEFFREY A. RADER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **No. 2:14-0110** |
| ) | **Judge Sharp** |
| **UPPER CUMBERLAND HUMAN** ) | |
| **RESOURCE AGENCY,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

After the final pretrial conference in Cookeville, Tennessee on June 6, 2016, the Court enters the following rulings:

(1) Plaintiff's Motion in Limine to exclude evidence that he was an employee at will (Docket No. 54) is hereby DENIED;

(2) Plaintiff's Motion in Limine to exclude evidence that his absence posed a hardship (Docket No. 55) is hereby DENIED with the understanding that any such hardship is not a defense to Plaintiff's FMLA interference claim;

(3) Plaintiff's Motion in Limine to exclude evidence that he asked for a pay raise (Docket No. 56) is hereby DENIED;

(4) Plaintiff's Motion in Limine to exclude evidence about the source for payment for Dr. Zelig's examination (Docket No. 57) is hereby GRANTED;

(5) Plaintiff's Motion in Limine to exclude evidence that he walked to the Town Diner to have a cup of coffee (Docket No. 58) is hereby DENIED;

1

(6) Plaintiff's Objection to expert testimony (Docket No. 59) is hereby OVERRULED, and both Dr. Zelig and Dr. McKenzie will be allowed to testify as treating physicians and in accordance with any Rule 26 disclosures that have been submitted on their behalf;

(7) Defendant's Motion in Limine No. 1 to exclude evidence about alleged discrimination other than that which arose as a result of the claimed abdominal pain on May 20, 2013 (Docket No. 60) is hereby GRANTED;

(8) Defendant's Motion in Limine No. 2 to exclude testimony relating to other employees or claims against Defendant Upper Cumberland Human Resource Agency (Docket No. 62) is hereby GRANTED;

(9) Defendant's Motion in Limine No. 3 to exclude expert testimony of Margie Stafford (Docket No. 64) is hereby DENIED, except that her testimony will be limited to that as a treating medical professional and she will be prohibited from offering expert testimony; and

(10) The parties shall endeavor to agree on an instruction that explains to the jury that hardship is not a defense to Plaintiff's FMLA interference claim. An agreed upon instruction, or the parties competing version of such an instruction ,shall be filed by noon on Monday, August 15, 2016. The jury trial in this case shall commence at 9:00 a.m. on Tuesday, August 16, 2016.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE